DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**B.B.S.,** a minor child, **G.S.S.,** a minor child, by and with their next friend, **A.S.S.,** and **K.S.S.,**
Appellants,

v.

**MARIA RAQUEL RODRIGUEZ-MURGUIA,**
Appellee.

No. 4D15-0257

[May 11, 2016]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Barbara W. Bronis, Judge; L.T. Case No. 562014DR002854.

Charles E. Jarrell of Benincasa Law Firm, P.A., Vero Beach, for appellants.

Maria Raquel Rodriguez-Murguia, Port St. Lucie, pro se.

CONNER, J.

Appellants ("the Children") appeal the trial court's order dismissing their cause of action to determine maternity. We reverse because the trial court should have allowed the Children to establish maternity by way of a declaratory action under Chapter 86, Florida Statutes.

The Children filed a petition as "an action for *paternity* and to determine parental responsibility, time-sharing, and/or child support under chapter 742, Florida Statutes, or, in the alternative, for a declaratory judgment establishing *maternity* pursuant to Florida Statute § 86.011." (emphasis added). The petition was filed against Appellee, who was alleged to be the biological and legal mother of the Children. In the petition, the Children alleged that the person listed as their mother on their birth certificates is "a fictitious or nonexistent person." The petition requested that "maternity" be established under Chapter 742 or 86, Florida Statutes, and also requested a parenting plan and child support. Appellee admitted all allegations and agreed to all of the relief requested.

On its "own motion," the trial court entered an order dismissing the

case with prejudice. Attached to the dismissal order was a copy of another dismissal order entered in a separate case, previously filed by Appellee, before the same court. In the previous case, Appellee and the Children's father filed a joint petition seeking to establish the maternity of the Children by way of a petition filed pursuant to Chapter 742. In the previous case, the trial court entered an order to show cause as to why the case should not be dismissed for failure to state a cause of action. In response to the order to show cause, Appellee explained that on the Children's birth certificate, a female's name appears as the mother of the Children. Appellee signed the birth certificate as the mother using a false name because she was not in the country legally. When Appellee tried to amend the Children's birth certificates to correctly identify herself as their mother, each state where the Children were born would not authorize the change without a court order. Also, both states would not authorize a court proceeding to change the name of the birth mother because the Children were no longer living in those states. As grounds for amending the birth certificates, each state apparently would recognize a foreign order which establishes the fact of parentage.[1] Just as in this case, the trial court dismissed the action in the previous case because "[i]n the view of this court, no cause of action exists under Florida law to determine paternity of a biological mother."

We determine that the trial court erred in failing to grant the Children relief pursuant to Chapter 86, Florida Statutes. Section 86.011, Florida Statutes (2014), states:

> The circuit and county courts have jurisdiction within their respective jurisdictional amounts *to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed.* No action or procedure is open to objection on the ground that a declaratory judgment is demanded. The court's declaration may be either affirmative or negative in form and effect and such declaration has the force and effect of a final judgment. The court may render declaratory judgments on the existence, or nonexistence:
>
> (1) Of any immunity, power, privilege, or right; or

---

[1] An order pursuant to a petition to change name would not have been sufficient, as both states require a judicial determination as to parentage.

(2) Of any *fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend*, whether such immunity, power, privilege, or right now exists or will arise in the future. Any person seeking a declaratory judgment may also demand additional, alternative, coercive, subsequent, or supplemental relief in the same action.

§ 86.011, Fla. Stat. (2014) (emphasis added). Both the United States Supreme Court, and our supreme court, have recognized the fundamental rights of parents. *See, e.g., Troxel v. Granville*, 530 U.S. 57, 66 (2000) ("[W]e have recognized the fundamental right of parents to make decisions concerning the care, custody, and control of their children."); *D.M.T. v. T.M.H.*, 129 So. 3d 320, 338 (Fla. 2013) ("As the United States Supreme Court has pronounced and this Court has stated, therefore, a biological connection gives rise to an inchoate right to be a parent that may develop into a protected fundamental constitutional right based on the actions of the parent."). Therefore, there is clearly a right, even a fundamental one, for which a fact, maternity, depends. Thus, the trial court had jurisdiction to establish maternity under Chapter 86. Our supreme court has also recognized the right of a parent to bring a declaratory judgment action to establish parentage "where such adjudication is necessary to the determination of existing rights or duties between parties to an actual controversy or dispute." *Kendrick v. Everheart*, 390 So. 2d 53, 57-58 (Fla. 1980). Since the Children brought the action against Appellee to establish maternity in conjunction with a request for child support and a parenting plan, there is a dispute for which a determination of maternity is dependent.[2]

We therefore reverse the trial court's order dismissing the Children's complaint, and remand for proceedings consistent with this opinion.

*Reversed and remanded.*

CIKLIN, C.J. and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[2] We do not address in this appeal the propriety of the trial court's ruling dismissing the prior proceeding under Chapter 742.